# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

JOSEPH CORNELIUS,                 Case No. 1:13-cv-708
       Plaintiff,

                                        Weber, J.
       vs.                                  Litkovitz, M.J.

THE KROGER COMPANY, *et al.*,       **REPORT AND**
       Defendants.                    **RECOMMENDATION**

Plaintiff Joseph Cornelius brings this civil rights action under 42 U.S.C. § 1981 alleging violations of his constitutional rights to contract and conduct business as a customer by defendants The Kroger Company (Kroger) and Police Officer Donald Meece (Meece).  (Doc. 3, Amended Complaint).[1]  This matter is before the Court on defendants' motion to dismiss plaintiff's amended complaint (Doc. 13), plaintiff's response in opposition (Doc. 14), and defendants' reply memorandum (Doc. 16).  For the following reasons, the undersigned recommends that defendants' motion to dismiss be **GRANTED**.

## I.  Standard of Law

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), plaintiff's complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 566 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id*. (citing *Twombly*, 550 U.S. at 556).  The Court must accept all well-pleaded factual allegations as true but need not "accept as true a legal conclusion couched as a

---

[1]Plaintiff previously filed a related action in the Common Pleas Court of Hamilton County in the State of Ohio.  Plaintiff alleges that the Ohio state court dismissed that matter on state law grounds, *i.e.*, Ohio law permits a business owner to revoke a business invitee's status at will.  Plaintiff maintains that the Ohio law relied on by the state court is a violation of his constitutional rights to contract.  *See* Doc. 3, ¶ 5.

factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). While a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 566 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id*. at 557.

Additionally, a court may consider exhibits attached to the complaint or motion to dismiss under certain circumstances. *Amini v. Oberlin College*, 259 F.3d 493, 502 (6th Cir. 2001) (citing *Nieman v. NLO*, Inc., 108 F.3d 1546 (6th Cir. 1997)). Though, generally, a court may not consider matters outside of the pleadings when ruling on a motion to dismiss without converting it into a Rule 56 motion for summary judgment, "[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [the plaintiff's] claim." *Weiner v. Klais & Co*., 108 F.3d 86, 89 (6th Cir. 1997) (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp*., 987 F.2d 429, 431 (7th Cir. 1993)).

## II. Factual Allegations

On or around January 22, 2010, plaintiff, an African-American male, was a customer at a Kroger store located at One West Corry Street, Cincinnati, Ohio. (Doc. 3, ¶ 2). Plaintiff was at the front of the store in the checkout area waiting to pay for some soft drinks and observed that none of the checkout lanes were being manned. (*Id*.). Plaintiff requested, perhaps loudly, that the store's manager assign an employee to the checkout lanes so that he could pay for the drinks and leave. (*Id*.). The manager then summoned defendant Meece who was working as an off-

2

duty security guard at the store. (*Id.*). Defendant Meece approached plaintiff and ordered him to leave the store and roughly pushed plaintiff out of the store. (*Id.*). Plaintiff alleges that these actions were motivated by the manager and defendant Meece's perception that plaintiff, as an African-American male, was likely to commit a violent or unlawful act if permitted to remain on store premises. (*Id.*). As a result of defendants' acts, plaintiff alleges that he became extremely agitated and suffered a heart attack. (*Id.*, ¶ 4). Plaintiff also alleges that the incident caused him to suffer from post-traumatic stress disorder which aggravated a major depressive disorder and that he has experienced difficulty with sleep, irritability, and concentrating. (*Id.*). Plaintiff alleges that he is no longer able to go to grocery stores as a result of this incident without experiencing a panic attack; he is now terrified of police officers and police cars; and he is afraid to go places with his children for fear of encountering police officers. (*Id.*).

Plaintiff alleges that defendants' actions were racially motivated and were taken in violation of his right to be free from unreasonable seizure under the Fourth Amendment to the United States Constitution and his right enter into a contractual relationship with defendant Kroger as a customer under 42 U.S.C. § 1981. (*Id.* at ¶¶ 5-6). Plaintiff further alleges that defendants are jointly and severally liable for compensatory damages in the amount of $500,000 and for costs, attorney fees, and punitive damages. (*Id.*).

### III. Resolution

Defendants move to dismiss plaintiff's claims against them pursuant to Fed. R. Civ. P. 12(b)(6). Defendants argue that plaintiff's claims are precluded by the relevant statute of limitations and barred by the doctrine of *res judicata*. (Doc. 13 at 2). Defendants assert that plaintiff's § 1981 claim is subject to a two-year statute of limitations and, consequently, this matter must be dismissed because the events forming the basis of plaintiff's claims occurred in

2010 but this lawsuit was not filed until 2013.  (*Id*. at 5-6).  Defendants also move to dismiss plaintiff's lawsuit under the doctrine of *res judicata* because the instant amended complaint is virtually identical to the complaint plaintiff filed with the Hamilton County Court of Common Pleas, wherein plaintiff alleged claims of negligence, wanton misconduct, and a violation of his Fourth Amendment rights by defendant Meece.  (*Id*. at 3).  Defendants maintain that because the Ohio state court granted summary judgment in their favor on plaintiff's state law claims, which were predicated on the same nucleus of facts as the instant federal lawsuit, and because plaintiff failed to timely appeal that ruling, his claims are barred by the doctrine of *res judicata*.  (*Id*. at 7-9).  Defendants support their motion with the affidavit of defense counsel which includes as an attachment a copy of plaintiff's complaint from the Hamilton County Court of Common Pleas matter.  *See* Doc. 13, Ex. 1.

In response, plaintiff argues that defendants' motion to dismiss should be denied because: (1) his § 1981 claim is subject to a four-year statute of limitations pursuant to 28 U.S.C. § 1658 and is therefore timely; and (2) this matter involves a different cause of action than was at issue in the state court and does not meet the necessary criteria for dismissal under the *res judicata* doctrine.  (Doc. 14 at 8-10).

The Court recommends that plaintiff's amended complaint be dismissed as time-barred. First, to the extent plaintiff alleges a violation of his Fourth Amendment rights under 42 U.S.C. § 1983, this claim is barred by the two-year statute of limitations governing § 1983 claims. Limitations periods in § 1983 suits are to be determined by reference to the appropriate state statute of limitations and the coordinate tolling rules.  *Hardin v. Straub*, 490 U.S. 536, 539 (1989) (citing *Bd. of Regents, University of New York v. Tomiano*, 446 U.S. 478, 484 (1980)). The appropriate statute of limitations for § 1983 civil rights actions arising in Ohio is contained

in Ohio Rev. Code § 2305.10, which requires that actions for bodily injury be filed within two years after their accrual.  *See Banks v. City of Whitehall*, 344 F.3d 550, 553-54 (6th Cir. 2003); *Browning v. Pendleton*, 869 F.2d 989, 992 (6th Cir. 1989) (en banc).

Although state law provides the statute of limitations in a § 1983 action, federal law governs the question of when that statute of limitations begins to run.  *Wallace v. Kato*, 549 U.S. 384, 388 (2007); *Sevier v. Turner*, 742 F.2d 262, 272-73 (6th Cir. 1984).  The statute of limitations commences to run when the plaintiff knows or has reason to know of his injury, *i.e.*, when he should have discovered it through the exercise of reasonable diligence.  *Sevier*, 742 F.2d at 273; *see also Cooey v. Strickland*, 479 F.3d 412, 416 (6th Cir. 2007).

In the instant case, plaintiff's cause of action accrued on January 22, 2010, the date he alleges defendant Meece violated his Fourth Amendment right to be free from unreasonable seizure.  The statute of limitations expired two years later on January 22, 2012.  Plaintiff's complaint was not filed until October 3, 2013, after the statute of limitations had expired.  Therefore, plaintiff's Fourth Amendment claim against defendant Meece is barred by the statute of limitations and must be dismissed.

Second, to the extent plaintiff alleges a violation of his rights under 42 U.S.C. § 1981, this claim is likewise barred by the statute of limitations.  Where a federal statute like 42 U.S.C. § 1981 does not contain a statute of limitations, the Court determines the proper limitations period in one of two manners.  "[I]f the federal cause of action arises under an Act of Congress enacted after December 1, 1990, it is governed by 28 U.S.C. § 1658, which prescribes a four-year statute of limitations period."  *McCormick v. Miami University*, 693 F.3d 654, 662 (6th Cir. 2012) (citing *Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369, 382 (2004)).  Alternatively, courts apply the statute of limitations of the most analogous state law from the state where the

deprivation occurred "so long as the application of state law is not 'at odds with the purpose or operation of federal substantive law.'" *Id.* (quoting *North Star Steel Co. v. Thomas*, 515 U.S. 29, 34 (1995)). *See also Marlowe v. Fisher Body*, 489 F.2d 1057, 1063 (6th Cir. 1973).

Plaintiff maintains that his § 1981 claim is subject to 28 U.S.C. § 1658's four-year statute of limitations because the claim was brought pursuant to the 1991 amendments to § 1981. Plaintiff asserts that his "right to contract" claim is brought under 42 U.S.C. § 1981(b), as amended by the 1991 Civil Rights Act, which constitutes a post-1990 statute subject to § 1658's four-year statute of limitations.[2]

In support, plaintiff relies on *Anthony v. BTR Auto. Sealing Sys.*, 339 F.3d 506 (6th Cir. 2003). In *Anthony*, the Sixth Circuit applied § 1658 to the plaintiff's employment claims of race and age discrimination under, *inter alia*, § 1981. *Id.* at 514. In finding that the plaintiff's employment claims were subject to the four-year federal statute of limitations, the appellate court determined that the Civil Rights Act of 1991 "[i]ndisputably created new legal rights that did not exist prior to its passage [such as] claims premised upon alleged discriminatory actions occurring after the formation of the employment relationship. . . ." *Id.* (citing *Rivers v. Roadway Express, Inc.*, 511 U.S. 298, 313 (1994)). *See also Patterson v. McLean Credit Union*, 491 U.S. 164, 177-78 (1989) (prior to the enactment of the Civil Rights Act of 1991, employees could not maintain § 1981 claims for alleged racial misconduct occurring after the formation of the employment relationship). The court noted that Congress passed the Civil Rights Act of 1991 in the wake of *Patterson* in order to establish a cause of action for allegations of "race discrimination not only in the formation of the employment relationship, but in 'post-formation' employment actions as

---

[2] Paragraph (b) of § 1981 provides: "'Make and enforce contracts' defined: For purposes of this section, the term 'make and enforce contracts' includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship." 42 U.S.C. § 1981(b).

well." *Anthony*, 339 F.3d at 512. Because the employment claims at issue in *Anthony* could not have been brought prior to the 1991 amendment, the Sixth Circuit found that the four-year statute of limitations provided by § 1658 applied to the plaintiff's claims. *Id*. at 513.

Though plaintiff now argues that the 1991 amendment made his § 1981 claim possible, his amended complaint does not invoke this amendment. *See* Doc. 3. The language of the amended complaint provides simply that plaintiff's "right to contract and conduct business as a customer" claim arises under 42 U.S.C. § 1981. (Doc. 3, ¶ 3). Further, plaintiff's claim is premised on defendants' alleged unconstitutional and discriminatory act of depriving plaintiff his status as a business invitee based on his race. *See id*., ¶ 6. Such allegations do not state a plausible claim for relief under § 1981(b) because they do not relate to post-formation contractual matters. Rather, plaintiff alleges that defendants refused to form a contract with him in a commercial establishment on the basis of his race. *See id*., ¶¶ 2-3, 5-6. Plaintiff's racial exclusion § 1981 claim could have been asserted prior to the 1991 amendments. *See*, *e.g.*, *Runyon v. McCrary*, 427 U.S. 160, 172 (1976) (holding that plaintiffs stated a valid § 1981 racial exclusion claim where they alleged that the defendant private schools refused admission to their children on the basis of race). Plaintiff does not explain how § 1981(b) created a cause of action previously unavailable to him nor does he cite to any case law which supports his position that the 1991 amendment made his claim possible. Because plaintiff's claim is properly characterized as arising under § 1981(a), it is not subject to the four-year statute of limitations provided by § 1658.

As plaintiff's § 1981 claim is not governed by the four-year statute of limitations provided by § 1658, the Court must apply the residual limitations period that applies to personal injury suits filed in the forum state, *i.e.,* Ohio. *See Goodman v. Lukens Steel Co.*, 482 U.S. 656,

660 (1987). The same two-year statute of limitations that applies to § 1983 claims applies to § 1981 claims. *See Nelson v. General Electric, Co.,* 2 F. App'x 425, 429 (6th Cir. 2001) (applying two-year statute of limitations for personal injury claims in Ohio to plaintiff's § 1981 claim) (citing Ohio Rev. Code § 2305.10; *Gates v. Precision Post Co.,* 659 N.E.2d 1241 (Ohio 1996)). *See also Kennedy v. City of Zanesville, Ohio*, 505 F. Supp.2d 456, 488 (S.D. Ohio 2007); *Belcher v. Ohio Dept. of Human Services*, 48 F. Supp.2d 729, 736 (S.D. Ohio 1999); *Evans v. Toys R Us-Ohio, Inc.,* 32 F. Supp.2d 974, 981 (S.D. Ohio 1999). *Cf. Getachew v. Central Ohio Transit Authority*, No. 2:11-cv-860, 2012 WL 1575997, at *3 (S.D. Ohio May 3, 2012) (section 1981 claims premised on alleged discriminatory actions occurring before formation of employment relationship governed by two-year statute of limitations, whereas discriminatory actions occurring after formation of employment relationship subject to four-year statute of limitations of 28 U.S.C. § 1658). As plaintiff filed his complaint well-after the two year statute of limitations expired in this case, plaintiff's § 1981 claim is time-barred and should therefore be dismissed.

Plaintiff's claims are also subject to dismissal under the doctrine of *res judicata*. "[A] federal court must give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered." *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 81 (1984); *Allen v. McCurry*, 449 U.S. 90, 96 (1980). *See also* 28 U.S.C. § 1738. *See also Young v. Twp. of Green Oak*, 471 F.3d 674, 680 (6th Cir. 2006). This means that "if an individual is precluded from litigating a suit in state court by the traditional principles of res judicata,[3] he is similarly precluded from litigating the suit in federal

---

[3]"Res judicata involves two forms of preclusion. Claim preclusion provides that 'final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action.' *Federated Department Stores, Inc. v. Moitie*, 452 U.S. 394, 398 (1981). The doctrine of issue preclusion, otherwise known as collateral estoppel, provides that 'a decision precludes relitigation of the same issue

8

court." *ABS Indus., Inc. ex rel. ABS Litig. Trust v. Fifth Third Bank*, 333 F. App'x 994, 998 (6th Cir. 2009) (quoting *Gutierrez v. Lynch*, 826 F.2d 1534, 1537 (6th Cir. 1987) (citation omitted)). If a state court would prohibit relitigation of claims that could have been but were not raised in the earlier state court action, then such claims are precluded in a subsequent federal action. *Migra*, 465 U.S. at 83. The prior state court action will preclude litigation in federal court when the litigant against whom the preclusive effect is sought had a full and fair opportunity to litigate the claims or issues decided by the state courts. *Allen*, 449 U.S. at 104. A federal court must resort to state law to determine the preclusive effect of a state court ruling. *Migra*, 465 U.S. at 81, 84. *See also Darrah v. City of Oak Park*, 255 F.3d 301, 311 (6th Cir. 2001).

"It has long been the law of Ohio that an existing final judgment or decree between the parties to litigation is conclusive as to all claims which were *or might have been* litigated in the first lawsuit." *Nat'l Amusements, Inc. v. City of Springdale*, 558 N.E.2d 1178, 1180 (Ohio 1990) (citations and quotations omitted) (emphasis in the original). *See also Grava v. Parkman Twp.*, 653 N.E.2d 226, 229 (Ohio 1995) ("[t]he doctrine of *res judicata* requires a plaintiff to present every ground for relief in the first action, or be forever barred from asserting it."); *State v. Dick*, 738 N.E.2d 456, 460 (Ohio Ct. App. 2000) ("*res judicata* bars a subsequent action based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action, *whether or not that particular claim was litigated*, so long as there has been a valid, final judgment rendered upon the merits.") (emphasis in the original) (citing *Grava*, 653 N.E.2d at syllabus). Under Ohio law, *res judicata* bars a claim when: (1) there is a final, valid decision on the merits by a court of competent jurisdiction; (2) the second action involves the same parties or their privies as the first; (3) the second action raises claims that were or could have been litigated

---

on a different cause of action between the same parties once a court decides an issue of fact or law necessary to its judgment.' *Duncan v. Peck,* 752 F.2d 1135, 1138 (6th Cir. 1985)." *Lynch*, 826 F.2d at 1537, n.1.

in the first action; and (4) the second action arises out of the transaction or occurrence that was the subject matter of the previous action. *Portage Cty. Bd. of Comm'rs v. City of Akron*, 846 N.E.2d 478, 495 (Ohio 2006).  A "transaction" is defined as a "common nucleus of operative facts." *Id*. (citation omitted).

By challenging the lawfulness of defendants' refusal to contract with plaintiff and their removal of plaintiff from defendant Kroger's store in the instant § 1981 action, plaintiff is attempting to relitigate claims that arise out of the same transaction that was the subject matter of the Ohio state court lawsuit he brought against defendants. *See* Doc. 6, Exhs. 1-3 (orders from the Hamilton County Court of Common Pleas and the First District Court of Appeals for the State of Ohio affirming the Ohio state court's granting of summary judgment in favor of defendants in *Cornelius v. The Kroger Co.*, *et al.*, and denying plaintiff's appeal).[4]  Plaintiff argues that the instant lawsuit is not precluded by the doctrine of *res judicata* because his prior lawsuit asserted purely state law claims and here he raises federal claims.  (Doc. 14 at 9). However, the issue is not whether he stated similar claims in the prior state litigation, but whether the claims arise out of a "common nucleus of operative facts." *See Dick*, 738 N.E.2d at 460 (citing *Grava*, 653 N.E.2d at syllabus); *Portage Cty Bd. of Comm'rs*, 846 N.E.2d at 495. Plaintiff's federal claims arise out of the same transaction that was the subject of his prior state lawsuit against defendants and the claims "might have been litigated" by the state court. *Grava*, 653 N.E.2d at 229-30; *Nat'l Amusements, Inc.*, 558 N.E.2d at 1180.  As such, the doctrine of *res judicata* bars plaintiff from relitigating these claims in any subsequent state court action under Ohio law. *Id*.  This Court is required to give the same preclusive effect to the previous state court judgment as would be given by the Ohio courts. *Migra,* 465 U.S. at 83-84, 85.  Thus,

_____

[4]The Court "may take judicial notice of other court proceedings without converting [the defendants' Rule 12(b)(6) motion to dismiss] into one for summary judgment." *Buck v. Thomas M. Cooley Law Sch.*, 597 F.3d 812,

plaintiff's § 1981 claim raised in this federal action is likewise barred by the doctrine of *res judicata* which renders the judgment in the prior Ohio action binding as to all issues which were litigated or could have been litigated.  Accordingly, defendants' motion to dismiss plaintiff's claims on the basis of *res judicata* should be granted.

### IV. Conclusion

For the above reasons, the undersigned recommends that defendants' motion to dismiss (Doc. 13) be **GRANTED** and that plaintiff's amended complaint against defendants Kroger and Meece be **DISMISSED** with prejudice.


Date:   11/25/14              s/Karen L. Litkovitz
                             Karen L. Litkovitz
                             United States Magistrate Judge

---

817 (6th Cir. 2010).

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

JOSEPH CORNELIUS,                                    Case No. 1:13-cv-708
      Plaintiff,

                                        Weber, J.
      vs.                                          Litkovitz, M.J.

THE KROGER COMPANY, *et al.*,
      Defendants.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations.   This period may be extended further by the Court on timely motion for an extension.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).